## James Talcott, Inc. v. C.I.T. Corporation

*William M. Wycoff,* for plaintiffs.
*Michael D. Fox,* for deponent.

WETTICK, *J.,* February 26, 1980—As part of their discovery in litigation pending in Arizona, plaintiffs have scheduled in Allegheny County the oral deposition of Robert J. Kavanaugh, an accountant working in the Pittsburgh office of Arthur Andersen and Co., and have subpoenaed for the deposition records concerning Kincoa, Incorporated (Kincoa) and Kino Springs, Incorporated (Kino Springs). Kavanaugh and Arthur Andersen have requested this court to quash this subpoena or to order that Mr. Kavanaugh not be required to testify or produce documents concerning any matter within the scope of the Pennsylvania accountant-client privilege, including financial statements, income statements, balance sheets, third-party

communications, etc., prepared or received by Arthur Andersen in connection with any work performed for Kincoa and Kino Springs.

The necessary facts to decide this motion are not in dispute. Kavanaugh is an accountant presently working in the Pittsburgh office of Arthur Andersen and Co. Previously he worked in its Massachusetts office. While working in the Massachusetts office he provided accounting services to Kincoa and Kino Springs, and any information and records which Kavanaugh can provide derives from these accounting services provided in Massachusetts. Several years after these accounting services were provided, Kincoa and Kino Springs were adjudicated bankrupt by final decree entered in the Federal District Court of Massachusetts. Furthermore these corporations presently have no place of business and the charters of both corporations were voided effective March 1, 1976 for failure to pay the Delaware franchise tax.

Kavanaugh contends that disclosure of the information which plaintiffs seek is barred by The C.P.A. Law of May 26, 1947, P.L. 318, as amended, 63 P.S. §9.11a. For the reasons set forth herein, we reject this contention and consequently deny the motion to quash the subpoena or for a protective order.

I

The information which plaintiffs seek was obtained by Mr. Kavanaugh in the course of providing accounting services to Kincoa and Kino Springs in Massachusetts. Consequently, the expectations of the parties as to the confidentiality of the communications would be based upon Massachusetts

law. Therefore, the scope of the accountant-client privilege in this case should not be broader than that provided by Massachusetts law. Any other result would deprive the parties to the litigation of information which may produce a more just result without strengthening the accountant-client relationship.

Massachusetts law does not protect from disclosure in court proceedings communications between accountants and clients. Therefore Mr. Kavanaugh cannot refuse to disclose the information which plaintiffs seek on the ground that it constitutes a privileged communication.

This result is supported by section 139 of the Restatement, 2d, Conflict of Laws, §139. This section provides that evidence that is not privileged under the local law of the state which has the most significant relationship with the communication should be admitted even though it would be privileged under the local law of the forum unless the admission of such evidence would be contrary to the strong public policy of the forum.[1] To illustrate this rule, the comments to this section describe the situation in which a businessman doing business in State X gives information within that state to an accountant that is not privileged under X's laws. According to the illustration, evidence of the communication with the accountant should be received in a trial in State Y even though the communication, if made in State Y, would be privileged.

Kavanaugh contends that section 5326 of the Ju-

---

1. According to the comments to this section, a strong public policy exists where the state of the forum has a substantial relationship to the party and the transaction and a real interest in the outcome of the case or where the court may consider the privilege to be sacrosanct. Thus the public policy exception is not applicable to this case.

dicial Code, 42 Pa.C.S.A. §5326, requires this court to apply the Pennsylvania accountant-client privilege to his deposition. This section (which authorizes any court within the Commonwealth to order any person found within this Commonwealth to give testimony or to produce documents for use in litigation pending in another state) provides that "the practice and procedure [for taking the testimony or producing the documents] shall be in accordance with that of the court of this Commonwealth issuing the order." This provision requires only that the court issuing the order use the same practices and procedures that would apply to litigation pending in this court. And because we have ruled that a Pennsylvania court in litigation pending within this Commonwealth would be governed by the Massachusetts law defining the scope of the accountant-client privilege, section 5326 does not support Kavanaugh's motion.

## II

Even if we concluded that Pennsylvania local law determined the scope of discovery, we would reject Kavanaugh's claim that any information regarding the affairs of Kincoa and Kino Springs is protected by the Pennsylvania accountant-client privilege. Admittedly, the information which plaintiffs seek is excluded from discovery by the language of the Act of May 26, 1947, as amended. However, the accountant-client privilege belongs only to the client: Ernst & Ernst v. Underwriters National Assurance Co., 381 N.E. 2d 897 (Ct. App. Ind. 1978), and because both Kincoa and Kino Springs have been adjudicated bankrupt, have had their corporate charters voided and conduct no business, there is no entity whose interests would be protected by the accountant-client privilege.

Consequently, there exists no reason to prevent discovery of information relevant to this litigation.

This result is mandated by Cohen v. Jenkintown Cab Co., 238 Pa. Superior Ct. 456, 357 A. 2d 689 (1976), which held that the attorney-client privilege does not bar testimony of an attorney who reveals the substance of a confidential communication where clients' rights or interests cannot be adversely affected. The standards developed in Cohen v. Jenkintown Cab Co. to determine the scope of an attorney-client privilege that is absolute on its face clearly govern the accountant-client privilege.[2] See Note, Privileged Communications—Accountants and Accounting, 66 Mich. L. Rev. 1264, 1275 (1968). This privilege—unlike the attorney-client privilege—is only statutory and traditionally has been more narrowly construed: Greenfield Foundation v. Bankers Securities Corp., 7 D. & C. 3d 535 (1978); Ernst & Ernst v. Underwriters National Assurance Co., supra, and cases cited therein. Moreover, the broad exclusion in the Act of May 26, 1947 from the privilege of information required to be disclosed by the standards of the profession in reporting on the examination of financial statements in contrast to the absolute privilege afforded the attorney-client relationship shows a legislative intent to provide fewer protections to the accountant-client relationship.

For these reasons we enter the following

---

2. The attorney-client privilege is embodied statutorily in 42 Pa.C.S.A. §5928 which provides that: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client."

## ORDER

On February 26, 1980, it is hereby ordered that the motion to quash subpoena or for a protective order of Arthur Andersen and Co. and Robert J. Kavanaugh is hereby denied.